FILED
 2010 Aug-18 AM 10:05
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| PEGGY MCCURRY COX, )<br>o/b/o J.A.M., )<br> )<br>    Claimant, )<br> )<br>vs. )<br> )<br>MICHAEL ASTRUE, )<br>Commissioner, Social Security )<br>Administration, )<br> )<br>    Defendant. ) | Civil Action No. CV-09-S-1372-NE |

## MEMORANDUM OPINION AND ORDER

Peggy McCurry Cox commenced this action on July 8, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge, and denying the claim she asserted on behalf of her son, J.B. ("claimant"), for child supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant was fourteen years old at the time of the ALJ's decision, and he alleged childhood disability due to seizures and a "2 ½ year delay in fine motor skills." Claimant's mother indicated on his application for disability benefits that his illnesses, injuries, or conditions did not cause pain or other symptoms.[1] Upon review of claimant's testimony, his mother's testimony, and the medical evidence of record, the ALJ concluded that claimant had not engaged in any substantial gainful activity, and that he had the severe impairments of epilepsy and hypotonia.[2] The ALJ nonetheless found that claimant did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled one of the listings.[3] Accordingly, the ALJ found that claimant was not under a disability as defined by the

---

[1] Tr. at 128.

[2] Tr. at 16. On page 4 of the ALJ's decision (page 16 of the administrative transcript), the ALJ's third finding states that claimant suffers from "hypotension," not "hypotonia." Hypotension is "abnormally low blood pressure." *Dorland's Illustrated Medical Dictionary* 898 (30th ed. 2003). "Hypotonia," on the other hand, is "a condition of diminished tone of the skeletal muscles; diminished resistance of muscles to passive stretching." *Dorland's Illustrated Medical Dictionary* 900 (30th ed. 2003). There is no evidence in the record that claimant suffers from abnormally low blood pressure. There *is* evidence, however, that claimant suffered from diminished muscle tone. Additionally, later in the ALJ's decision, he refers to claimant's *hypotonia. See* Tr. at 17 ("The medical evidence indicates the claimant has epilepsy and hypotonia . . . ."). Accordingly, the court concludes that the ALJ's reference to hypertension on page 4 of the administrative decision was a typographical error, and that the ALJ intended to state that claimant suffered from the severe impairments of epilepsy and hypotonia.

[3] Tr. at 17-24.

Social Security Act.[4]

Claimant contends that the ALJ's decision was not supported by substantial evidence, and that it was not in accordance with applicable legal standards. More specifically, claimant asserts that the ALJ failed to properly develop the record by not considering the combination of all of claimant's impairments when determining whether claimant's seizure disorder medically equaled the listings for seizures.

Claimant bears the ultimate burden of producing evidence to support a disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). Even so, the ALJ "has an obligation to develop a full and fair record, even if the claimant is represented by counsel." *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ's obligation includes considering the combined effect of *all* of claimant's impairments, as follows:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

---

[4]Tr. at 24-25.

20 C.F.R. § 1523. *See also* 20 C.F.R. §§ 404.1545(e), 416.945(e) (stating that, when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity).

Here, claimant asserts that the ALJ erred by failing to consider claimant's mild cerebral palsy, ADHD, obesity, "ligamentous laxity and motor delay," and gross and fine motor incoordination, in combination with his seizure disorder, when determining whether claimant met, medically equaled, or functionally equaled a listing.[5] However, a review of the ALJ's decision as a whole reveals that the ALJ *did* consider most of these impairments. The ALJ's decision explicitly mentions claimant's seizures, hyperactivity disorder, obesity, slow and unsteady gait, incoordination, and anger management issues.[6] Furthermore, the ALJ recognized that claimant experienced hypotonia as a severe impairment. Hypotonia, or diminished muscle strength, could be expected to trigger some of the same symptoms as mild cerebral palsy and "ligamentous laxity and motor delay."[7] Finally, the ALJ stated that

---

[5]Doc. no. 8 (claimant's brief), at 10.
[6]Tr. at 16-17.
[7]Cerebral palsy is

> any of a group of persisting, nonprogressive motor disorders appearing in young children and resulting from brain damage caused by birth trauma or intrauterine pathology. The disorders are characterized by delayed or abnormal motor development, such as spastic paraplegia, hemiplegia, or tetraplegia, which is

4

claimant's severe impairments, "when considered singly *or in combination*," did not meet, medically equal, or functionally equal any of the listed impairments.[8]  This statement generally is sufficient to indicate that the ALJ properly considered all of claimant's impairments.  *See Wilson v. Barnhart,* 284 F.3d 1219, 1224 (11th Cir. 2002); *Jones v. Dept. of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir. 1991).

Furthermore, even assuming that the ALJ did not properly consider all of claimant's impairments in combination, claimant has pointed to no additional evidence that, if it had been considered by the ALJ, would have supported a finding of medical equivalence to either of the listings for seizures. Listings 11.02 and 11.03, addressing seizure disorders, provide as follows:

> 11.02   *Epilepsy – convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment. With:*
>
>    A.   Daytime episodes (loss of consciousness and convulsive seizures) or
>
>    B.   Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

---

often accompanied by mental retardation, seizures, or ataxia.

*Dorland's Illustrated Medical Dictionary* 1353 (30th ed. 2003).

[8]Tr. at 17 (emphasis supplied).

5

> 11.03 *Epilepsy – nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment.* With alteration of awareness or loss of consciousness and transient postical manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. pt. 404, subpt. P, appx. 1, §§ 11.02 & 11.03 (listings) (all italics in original). The preface to the listing emphasizes that the listing "criteria can be applied only if the impairment persists despite the fact that the individual is following prescribed epileptic treatment." 20 C.F.R. pt. 404, subpt. P, appx. 1, § 11.00A (listings). With regard to determining whether claimant's impairments medically equal a listing, Social Security regulations require the following:

> **§ 416.926  Medical equivalence for adults and children.**
>
> (a) *How medical equivalence is determined.* We will decide that your impairment(s) is medically equivalent to a listed impairment in appendix 1 of subpart P of part 404 of this chapter if the medical findings are at least equal in severity and duration to the listed findings. We will compare the symptoms, signs, and laboratory findings about your impairment(s), as shown in the medical evidence we have about your claim, with the corresponding medical criteria shown for any listed impairment. When we make a finding regarding medical equivalence, we will consider all relevant evidence in your case record. Medical equivalence can be found in two ways:
>
> (1)(i) If you have an impairment that is described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, but —
>
>> (A) You do not exhibit one or more of the medical findings

6

      specified in the particular listing, or

          (B) You exhibit all of the medical findings, but one or more of the findings is not as severe as specified in the listing;

     (ii) We will nevertheless find that your impairment is medically equivalent to that listing if you have other medical findings related to your impairment that are at least of equal medical significance.

     (2) If you have an impairment that is not described in the Listing of Impairments in appendix 1, or you have a combination of impairments, no one of which meets or is medically equivalent to a listing, we will compare your medical findings with those for closely analogous listed impairments. If the medical findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

20 C.F.R. § 416.926(a).

There is no evidence that, in spite of medical treatment, claimant continued to experience any symptoms that are of at least equal medical significance to the findings required to support the epilepsy listings. The medical records reflect that claimant responded well to treatment, and, even considering any potential additional effects of claimant's muscle weakness, obesity, incoordination, ADHD, and anger issues, he did not experience problems that were as medically significant as monthly convulsive seizures or weekly nonconvulsive seizures. Accordingly, even if the ALJ had considered additional impairments or other evidence, there is nothing in the record to indicate that any such evidence would support a finding of medical

equivalence.

Based on the foregoing, the court concludes that the ALJ's decision regarding claimant's disability was supported by substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed to claimant. The clerk is directed to close this file.

DONE this 18th day of August, 2010.

_____
United States District Judge